**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| JOHN B. ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:06-cv-1474 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| | ) | [Re:  Motion at Docket 61] |
| EXCEL GROUP FLEXIBLE BENEFIT | ) | |
| PLAN, a/k/a THE EXCEL GROUP | ) | |
| EMPLOYEE BENEFIT PLAN; THE | ) | |
| EXCEL GROUP; and | ) | |
| THE HARTFORD a/k/a HARTFORD | ) | |
| LIFE AND ACCIDENT INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**I.  MOTION PRESENTED**

At docket 61, defendants Excel Group Flexible Benefit plan, a/k/a The Excel

Group Employee Benefit Plan, The Excel Group, and The Hartford, a/k/a Hartford Life

and Accident Insurance Company (collectively, "defendants") move for reconsideration

of this court's June 30, 2008 order denying without prejudice plaintiff John B. Ross's

("plaintiff" or "Ross") motion to compel discovery beyond the administrative record.

Ross opposes defendants' motion at docket 66.  Defendants reply at docket 71.  Oral

argument was not requested and would not assist the court.

## II.  BACKGROUND

The background of this matter is discussed at docket 60 and will not be repeated

here.  Ross's motion to compel and defendants' motion for reconsideration at

docket 61, the subject of this order, arise from a discovery dispute occurring within one

month of the discovery deadline, which was set by a scheduling and planning order

dated July 9, 2007.[1]  In that order, the court stated that "[a]ll discovery must be

scheduled so as to be <u>completed</u> by **November 15, 2007**."[2]  The court continued:

> [i]f expert witness or other fact discovery is not completed by the dates above
> specified, counsel may stipulate to a continuance of no more than two
> months for completion of the same, provided that any such stipulation shall
> state precisely what discovery remains and when it will be accomplished.  A
> discovery conference must be requested if no more time is required to
> complete such discovery.  The court will not routinely approve requests or
> stipulations for extension of time for discovery.[3]

The effect of this order is that the parties were not to conduct any discovery after

November 15, 2007 - that is, no depositions were to be held and no discovery requests

were to have response dates set after November 15, 2007.  On October 19 or 22,

2007,[4] Ross served discovery requests on defendants seeking, *inter alia*, "information

_____

[1]Docket 30.

[2]Docket 30 at 2.

[3]*Id.*

[4]Although the discovery requests are dated October 19, 2007 (and plaintiff
claims he served the requests on that date), defendants contend that they were not
postmarked until October 22, 2007 and not received until October 25, 2007.  *See*
Docket 71 at 2 n.2.  Neither party has pointed to any evidence of the actual date of

concerning Defendant's conflict of interest."[5]  The requests were broad in nature and, as defendants claimed in their responses, were duplicative of earlier requests to which defendants had already responded.[6]  Although plaintiff's requests called for a response approximately six days after the discovery deadline imposed by order of this court, neither party sought an extension of the discovery deadline, by motion or stipulation.  It bears noting that the parties did manage to stipulate to an extension of time for filing dispositive motions.[7]

Defendants responded to plaintiff's requests on November 21, 2007,[8] and plaintiff filed his motion to compel November 30, 2007.[9]  This court denied plaintiff's motion without prejudice, concluding that plaintiff failed to meet and confer with defendants as required by Federal Rule of Civil Procedure 37 and District of Arizona Local Rule 7.2(j).[10]  The court also advised the parties to review the Supreme Court's recent decision in *Metropolitan Life Insurance Company v. Glenn*, which held that any entity that "both determines whether an employee is eligible for benefits and pays

───────────────

service, such as a photocopy of the mailing envelope.  Therefore, it is impossible for the court to determine when the requests were actually served.  Nevertheless, whether the requests were served on October 19 or October 22, 2007, they called for responses after the discovery deadline.

[5]Docket 43 at 1.

[6]Docket 46 at 1.

[7]Docket 56.

[8]Docket 62-2 at Appendix 3.

[9]Docket 43.

[10]Docket 60 at 2-4.

benefits out of its own pocket" acts with a conflict of interest.[11]   From the record, it appears that the parties have not met to discuss the impact of *Glenn* on plaintiff's discovery requests.

Defendants have now filed a motion for reconsideration challenging the court's earlier ruling on the ground that the court should have denied plaintiff's motion to compel **with** prejudice because it was untimely filed, in clear violation of the court's scheduling order and because defendants' responses were adequate.[12]   In addition, defendants renew their request for attorney's fees incurred in responding to plaintiff's motion to compel.

## III.  STANDARD OF REVIEW

Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court or a higher court in the same case.[13]   However, as long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[14]   That inherent power is not unfettered:  "the court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly

---

[11]128 S. Ct. 2343, 2345 (2008).

[12]Docket 61 at 1-2.

[13]*Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

[14]*City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001).

erroneous and would work a manifest injustice."[15]  The law of the case doctrine and the applicable limitations on the court's discretion apply in cases, such as this, in which a party alleges that a previous disposition of this court was clearly erroneous and would work a manifest injustice.[16]  Local Rule of Civil Procedure 7.2(g)(1) recites essentially the same rule.[17]

## IV.  DISCUSSION

The court agrees with defendants' argument that plaintiff failed to obtain consent from the court and has not shown good cause to depart from the scheduling order. Although this court's prior disposition would not necessarily work a manifest injustice, the court nevertheless concludes that its June 30, 2008 order should be modified to deny Ross's motion to compel on the additional ground that it was untimely.  Federal Rule of Civil Procedure 16(b)(4) provides that: "[a] schedule may be modified only for

---

[15]*Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *see also School District No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[16]*Leslie Salt*, 55 F.3d at 1393.

[17]Local Rule of Civil Procedure 7.2(g)(1) states that "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order.  No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order.  Failure to comply with this subsection may be grounds for denial of the motion."  Although a party may not usually repeat an argument made "in support of or in opposition to the motion that resulted in the Order," the court permitted defendants to raise their untimeliness and merits arguments again to allow the court to clarify its June 30, 3008 ruling with respect to plaintiff's motion to compel.

good cause and with the judge's consent."  The District of Arizona Local Rules are silent on the topic of modifying a scheduling order.  For a scheduling order to be modified, a party must (1) obtain the consent of the presiding judge, and (2) show good cause as to why the order should be modified.[18]  In general, the pretrial scheduling order can only be modified "upon a showing of good cause."[19]  The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension."[20]  If the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted.[21]

Ross neither requested a modification of the scheduling order, nor made a showing of good cause in support of an extension.  Federal Rules of Civil Procedure 33 and 34 both state that a party responding to discovery has 30 days to provide responses.  Allotting three days for service by mail, responses become due 33 days after the requests are mailed.  Ross served defendants with additional discovery requests 27 days before the discovery cutoff.  As a result, because defendants used all of their response time as permitted by the Rules, discovery could not be completed by the deadline imposed by the scheduling order.  Ross's argument that "Defendants failed to comply with the Rule 16 Order by serving its response 6 days after the stated completion date" puts the cart before the horse - had Ross simply served his requests 6

---

[18] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-10 (9th Cir. 1992).

[19] *Id.* at 608 (citing Fed. R. Civ. P. 16(b)).

[20] *Id.* at 609.

[21] *Id.*

days earlier or successfully moved for an extension of time, defendants' responses would have themselves been timely.  Ross is responsible for the untimeliness of the discovery.

However, the court disagrees with defendants that the June 30, 2008 order should be modified to deny plaintiff's motion to compel *with* prejudice.  A judgment without prejudice is different from a judgment with prejudice only in the sense that it does not preclude a subsequent motion based on the same argument.  The court does not presently take a position on the underlying merits of Ross's motion to compel, because Ross has failed to comply with two distinct procedural requirements.  The court also declines to rule on defendants' "renewed" request for attorneys' fees under Federal Rule of Civil Procedure 37(a)(5)(B).[22]

### V.  CONCLUSION

For the reasons discussed above, defendants' motion for reconsideration at docket 61 is **GRANTED** in part as follows:  By this order, the court amends its earlier order at docket 60 to deny, without prejudice, plaintiff's motion to compel for the additional reason that his discovery requests were untimely.

DATED at Anchorage, Alaska, this 14th day of October 2008.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[22]Although defendants claim in their motion for reconsideration that they are "renewing" their request for attorneys' fees, the court is unable to identify defendants' original request anywhere in their papers.